# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-2348

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
v.　　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Cassaundrea Estelle Montgomery,　*
　　　　　　　　　　　　　　　　　*
　　　Defendant - Appellant.　　　*

_____

Submitted: February 11, 2008
Filed: July 16, 2008

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Cassaundrea Montgomery pleaded guilty to four counts of using the mails to defraud charitable organizations assisting victims of the September 11, 2001, terrorist attacks.[1] After serving a twenty-one-month prison sentence, Montgomery began a three-year term of supervised release in April 2005. Her conditions of supervised release included working regularly at a lawful occupation and paying at least $300 per

_____

[1]Montgomery sent a series of false documents to relief agencies claiming she was financially dependent on a non-existent brother who was at the World Trade Center on September 11 applying for a position at Cantor Fitzgerald. Montgomery obtained $63,817.94 from four charities before her scheme was uncovered.

month toward her obligation to pay $63,817.94 in restitution to the defrauded charities. The probation officer submitted a violation report detailing Montgomery's failure to maintain employment and pay restitution during the first two years of supervised release. The district court[2] held a hearing, found that Montgomery had willfully failed to pay restitution, revoked her supervised release, and sentenced her to eleven months in prison with no additional supervised release. Montgomery appeals, arguing the court abused its discretion by revoking supervised release and by imposing an eleven-month prison sentence. We affirm.

Applying the Equal Protection and Due Process clauses of the Fourteenth Amendment, the Supreme Court held in Bearden v. Georgia, 461 U.S. 660, 672 (1983), that a state court may only revoke probation and impose an authorized prison sentence if the probationer "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay" a fine or restitution. Although there are differences between probation and supervised release, we agree with the circuits that have applied this principle to the revocation of a federal defendant's supervised release for failure to pay a fine or restitution. See United States v. Reid, No. 07-14236, 2008 WL 1914337 at *1 (11th Cir. May 1, 2008) (unpublished).

In this case, the probation officer's April 2007 violation report stated that Montgomery found a job a few weeks after being released from prison. But she quit within a month, telling the probation officer she was uncomfortable because a coworker carried a firearm. Montgomery then applied for Social Security disability benefits and reported to the probation officer that she could not earn income without jeopardizing her eligibility for those benefits. (The application was denied four months later.) Montgomery returned to her former position part-time in August 2005 but later reported she was laid off in May 2006. She was offered a job in July 2006

---

[2]THE HONORABLE NANETTE K. LAUGHREY, United States District Judge for the Western District of Missouri.

but never started and subsequently worked a total of three weeks at two other positions. The report advised that Montgomery had made only seven payments totaling $474.16 toward her restitution debt, and no payment since January 2007.

At the revocation hearing, the government offered testimony by a State of Missouri vocational rehabilitation counselor and by a private employment specialist regarding their extensive efforts to assist Montgomery in finding employment. Montgomery offered testimony by her mental health counselor, who described Montgomery's physical problems and mental illnesses, the medications she takes to deal with her mental illnesses, her desire to work, and the impact her mental illnesses can have in the work place. When asked "whether or not Ms. Montgomery is employable, " the counselor replied, "I have some concerns."

After hearing this testimony, the district court explicitly found "that the defendant did violate the terms of her supervised release by failing to make a good faith effort to pay restitution as required." The court explained, "there is no explanation other than willfulness for [Montgomery's] inability to get a job," noting that her sophisticated scheme to defraud demonstrated her skills, that she had no problem holding a job prior to her conviction, and that she created a disincentive to work by applying for Social Security benefits. The court sentenced Montgomery to eleven months in prison with no further supervised release. The court concluded, "there is a history of manipulation, I think, in this file. . . . [E]ven when you were working, even when you had those jobs, still all you came up with was $475 [in restitution payments], and that's just not enough to be a good faith effort."

On appeal, Montgomery argues that the district court abused its discretion when it revoked supervised release and sentenced her to eleven months in prison. A district court may revoke supervised release and impose an authorized prison sentence if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). In determining the revocation

punishment, the court must consider the factors in 18 U.S.C. § 3553(a). If revocation is based on a failure to pay restitution, the court must also consider "the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution." 18 U.S.C. § 3613A(a)(2). We review the district court's decision to revoke supervised release for abuse of discretion and its findings of fact for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). Whether Montgomery willfully refused to pay restitution is a finding of fact -- required by Bearden before a prison term may be imposed -- that we review for clear error. See Reid, 2008 WL 1914337 at *1-2.

Montgomery does not dispute that she failed to make the required restitution payments. She contends the district court did not adequately take into account her repeated attempts to obtain employment, including self-referral to Missouri's Vocational Rehabilitation Service, and the impact her mental illnesses and physical problems have on her ability to find and keep a job. However, the district court carefully explained the basis for its finding that Montgomery had willfully failed to pay the required restitution and further found that her failure to find and keep a job reflected a willful failure "to acquire the resources to pay" her restitution obligation. Bearden, 461 U.S. at 672. After careful review of the record, we conclude that these findings are not clearly erroneous.

Finally, Montgomery argues the district court abused its discretion when it imposed a prison sentence without expressly considering alternative punishments. The Court in Bearden ruled that, if a probationer cannot pay despite bona fide efforts to do so, "the court must consider alternative measures of punishment other than imprisonment." Id. at 672. However, this constitutional requirement applies only if the failure to pay restitution was not willful. When the violation was willful, neither the applicable statutes nor prior decisions of this court impose this requirement. See

18 U.S.C. § 3614(b); <u>United States v. Leigh</u>, 276 F.3d 1011, 1012-13 (8th Cir. 2002). Here, the district court found that Montgomery had willfully violated two conditions of supervised release, gave counsel and Montgomery an opportunity to address the issue of an appropriate punishment, and then imposed a prison sentence within the advisory range set forth in the U.S.S.G. § 7B1.4(a) policy statement. There was no abuse of discretion.

The revocation judgment of the district court is affirmed.

_____