FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 08-90211 ORDER |

Filed September 22, 2009

---

## ORDER

KOZINSKI, Chief Judge:

A pro se prisoner has filed a misconduct complaint against a district judge. The subject judge presided over a criminal case in which complainant was a defendant.

Complainant alleges that the judge engaged in improper ex parte communications with a probation officer during which he received "confidential, attorney-client information." Nothing a probation officer learns about a criminal defendant is subject to the attorney-client privilege or any other privilege vis-a-vis the sentencing judge. Off-the-record communications between judges and probation officers are a normal part of the administration of justice, and not the least improper. *See* Canon 3A(4), Code of Conduct for United States Judges.

We do require judges to advise defendants of any facts conveyed by probation officers during off-the-record communications, if the judge plans to rely on those facts during sentencing. *United States v. Gonzales*, 765 F.2d 1393 (9th Cir. 1985). But that rule doesn't apply when a judge merely modifies the terms of probation, as happened in this case. *Compare* Fed. R. Crim. Pro. 32(i), *with* Fed. R. Crim. Pro. 32.1(c). At that stage, effective supervision calls for free and informal

13717

communication between judges and probation officers. This complaint must therefore be dismissed for failure to allege conduct prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 352(b)(1)(A)(i); *In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009).

**DISMISSED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.