**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROSHAJA LAMONT HARVEY,
*Defendant-Appellant.*

No. 11-50268

D.C. No.
3:95-cr-02095-
IEG-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted October 11, 2011*
Pasadena, California

Filed November 3, 2011

Before: Ferdinand F. Fernandez and Consuelo M. Callahan,
Circuit Judges, and Robert J. Timlin,** District Judge.

Opinion by Judge Fernandez

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable Robert J. Timlin, Senior United States District Judge
for the Central District of California, sitting by designation.

## COUNSEL

Jason I. Ser, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Sara J. O'Connell, Assistant U.S. Attorney, Office of the United States Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

FERNANDEZ, Circuit Judge:

Roshaja Harvey appeals from the district court's order finding him in violation of his conditions of supervised release based upon his use of marijuana. He asserts that because he had a recommendation from a physician to use marijuana in California pursuant to the California Compassionate Use Act of 1996,[1] he did not violate the possession prohibition[2] of the Federal Controlled Substances Act.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the district court's decision to revoke a term of supervised release for abuse of discretion. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). However, we review questions of statutory interpretation de novo. *See United States v. Cade*, 236 F.3d 463, 465 (9th Cir. 2000).

[1] We affirm the district court for the reasons stated in its precise and accurate decision dated June 23, 2011,[4] which we adopt as our own, with one addition. The addition is: Whatever else "order" might mean under § 844(a) of the Controlled Substances Act, it does not include a mere recommendation from a physician pursuant to the Compassionate Use Act.

AFFIRMED.

---

[1]Cal. Health & Safety Code § 11362.5.

[2]21 U.S.C. § 844(a).

[3]21 U.S.C. §§ 801-904.

[4]*United States v. Harvey*, ___ F. Supp. 2d ___, 2011 WL 2493744 (S.D. Cal. June 23, 2011).