**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50085 |
| Plaintiff - Appellee, | D.C. No. 5:14-cr-00010-VAP-1 |
| v. | |
| NEREIDA HUSCHER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

Before: PREGERSON, TASHIMA, and CALLAHAN, Circuit Judges.

Nereida Huscher ("Huscher") appeals from a district court order revoking

her supervised release and sentencing her to 11 months in prison for violating the

conditions of her release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and

18 U.S.C. § 3742, and we affirm the sentence.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the decision to revoke supervised release for an abuse of discretion. *United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011). We review sentences, including sentences imposed upon revocation of supervised release, for reasonableness. *United States v. Simtob*, 485 F.3d 1058, 1061 (9th Cir. 2007).

**1.** The terms and conditions of Huscher's supervised release required her to report for drug testing and to abstain from drug use. In addition, the terms allowed "the Probation Officer, with the agreement of the defendant and defense counsel, [to] place the defendant in a residential drug treatment program." Huscher failed to report for testing and, on multiple occasions, tested positive for drug use. The probation officer ordered Huscher to enroll in inpatient treatment and, after Huscher failed to enter such treatment, petitioned for a violation of supervised release and recommended her release be revoked.

Yet, when ordering inpatient treatment, the probation officer failed to consult with Huscher's counsel. This failure amounts to a violation of the express terms of Huscher's supervised release. Consequently, although Huscher admitted the allegation, by holding Huscher in violation of this condition of her release, the court erred.

**2.** This error is not sufficient, however, to reverse the district court's sentence, which comported with the revocation requirements of 18 U.S.C. § 3538(a). The sentence was substantively reasonable in light of Huscher's multiple violations of the other terms and conditions of her release, as the court addressed during hearing. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1181 (9th Cir. 2013) ("If the record 'makes clear that the sentencing judge listened to each argument' and 'considered the supporting evidence,' the district court's statement of reasons for the sentence, although brief, will be 'legally sufficient.'") (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).

The sentence was also procedurally reasonable—the court addressed Huscher's arguments; explained the rationale for its decision; and handed down a sentence that was within the Guidelines range for the other violations. The other violations are of the same grade as the inpatient treatment condition and independently yield the same sentence. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010) (finding no error where "the district court listened to [defendant's] arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range").

Assuming the district court erred in holding Huscher responsible for violating the terms of her release, nonetheless, the district court ultimately provided a reasonable sentence which we affirm.

**AFFIRMED**.