**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10161 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00048-RLH-RJJ-1 |
| v. | |
| JOHN A. HUDSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and FABER,[**] District Judge.

Appellant John Hudson ("Hudson") appeals the revocation of his supervised

release term, which was the result of a Probation Department search of his home

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

that uncovered a gun and other contraband.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the denial of a motion to recuse, *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993), the decision to revoke a term of supervised release, *United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011), and the substantive reasonableness of a sentence, *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009).  By contrast, whether a defendant's due process rights were violated at a revocation hearing is a mixed question of fact and law that we review de novo.  *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).  "A due process violation at a revocation proceeding is subject to harmless error analysis."  *Id.*

**1**.  The district court did not abuse its discretion in denying the motion for recusal.  A federal judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  But ex parte communications with probation officers, *In re Complaint of Judicial Misconduct*, 583 F.3d 597, 597 (9th Cir. 2009), opinions, rulings based on the proceedings, a judge's questioning during oral arguments, and a judge's "expressions of impatience, dissatisfaction, annoyance, and even anger" do not typically warrant recusal, *Liteky v. United States*, 510 U.S. 540, 554–56 (1994).  Although, here, the

2

proceedings below were often tense and antagonistic, the judge's actions were insufficient to require recusal.

**2**. Nor did the district court abuse its discretion in revoking Hudson's term of supervised release based on his constructive possession of the gun and other contraband. "In order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it." *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985). "[V]iewing the evidence in the light most favorable to the government," *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015) (internal citations and quotation omitted), the government carried its burden to show by a preponderance of the evidence that Hudson knew of the gun and other contraband found in the master bedroom closet of the house he shared with his girlfriend.

**3**. Additionally, the district court did not violate any federal rules or Hudson's Fifth Amendment rights when it provided a limited portion of the Probation Department's chronological records to him. When determining whether a releasee has had "a fair and meaningful opportunity" to exercise his Fifth Amendment confrontation rights, "we employ 'a process of balancing the releasee's right to confrontation against the Government's good cause for denying

3

it.'" *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993) (quoting *United States v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987)) (internal alteration omitted). Given that Hudson was afforded the opportunity to cross-examine witnesses who composed the chronologies, the unreleased chronologies did not form the basis of the district court's ultimate ruling, and the unreleased chronologies had little, if any, impact on consequences of the court's ruling, *id*. at 311–12, the balance weighs in the Government's favor. Moreover, even if Hudson could have used the chronologies to impeach Officer Powell's testimony, there is no dispute that Officer Goldner, who also testified, found the gun in the closet.

**4**. Finally, the district court did not abuse its discretion when sentencing Hudson. Whether the sentence imposed is substantively reasonable turns on "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011). The district court touched on multiple § 3553(a) factors, including the nature of the offense, the need for the sentence imposed, and the lack of any reason to depart upward from the Sentencing Guidelines. It was therefore not an abuse of discretion to sentence Hudson to 12 months, which was within the guidelines' range of 8 to 14 months.

**AFFIRMED**.