# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4154

_____

United States of America

*Plaintiff - Appellee*

v.

Jesse Alvarez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 11, 2017
Filed: December 27, 2017
[Published]

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After serving a sixty-three month felon-in-possession sentence, Jesse Alvarez began a three-year term of supervised release. On October 7, 2016, his probation officer petitioned the district court to revoke supervised release. The petition alleged multiple violations of drug-testing conditions and that Iowa prosecutors had charged him with a new crime, domestic abuse assault by strangulation, when he attempted

to strangle his ex-girlfriend. See Iowa Code § 708.2A(5). Alvarez admitted the drug-testing violations but disputed the new law violation, citing his not-guilty plea to the pending state court charges. The district court[1] denied his request to delay the revocation proceeding until the Iowa criminal case concluded.

At the revocation hearing, the government introduced through Muscatine Police Officer Andrew Fry recordings of Fry's interviews of Alvarez's ex-girlfriend and her daughter immediately after the encounter. The ex-girlfriend related that she refused to accompany Alvarez to his new apartment, he tried to drag her to his car, and he choked her, causing her to pass out. Officer Fry observed fresh scratches around the ex-girlfriend's neck, consistent with photos of her injuries and her statement that Alvarez choked her. After Fry testified, Alvarez stipulated that his ex-girlfriend and her daughter, who were present in the courtroom, would testify "substantially in accordance with" the recordings. He also stipulated that he lived with his ex-girlfriend until September 22, 2016, establishing the "domestic" element of the Iowa domestic abuse charge. Alvarez offered no evidence.

After the close of evidence, the district court denied Alvarez's renewed request to postpone the revocation decision and found, based on a preponderance of the evidence, that Alvarez committed the Grade A supervised release violation of felony domestic abuse assault by strangulation in violation of Iowa law. The court revoked supervised release and sentenced Alvarez to 24 months in prison, the maximum revocation term for his underlying felon-in-possession conviction. See 18 U.S.C. § 3583(e)(3). Three days after Alvarez filed this appeal, the state court dismissed the domestic-abuse-by-strangulation charge. On appeal, Alvarez argues the district court abused its discretion by denying his request to postpone the proceeding and revoking his supervised release based on a finding that he violated the Iowa domestic abuse

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

-2-

law when state criminal charges were still pending. He cites no authority supporting this contention. We conclude it is without merit and affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. "A district court may revoke supervised release and impose an authorized prison sentence if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Montgomery, 532 F.3d 811, 814 (8th Cir. 2008). Alvarez concedes, as he must, that the district court had jurisdiction to proceed with the revocation and to find that he violated a condition of his supervised release by committing a new violation of state law before he was convicted of charges related to that violation. See United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) ("When the condition is that the defendant not commit a crime, there is no requirement of conviction or even indictment" before concluding defendant violated that condition); accord Jianole v. United States, 58 F.2d 115, 118 (8th Cir. 1932) ("[T]he power to finally revoke in advance of and independent of the result of a trial of the criminal charge will of itself add greatly to the effectiveness of probation.")

Alvarez argues the district court abused its discretion by conducting the revocation proceeding before the state law domestic abuse charges were resolved because he was forced to make an "untenable" choice -- either testify in the revocation proceeding, prejudicing his defense in subsequent state court proceedings, or remain silent, hampering his defense to the supervised release revocation allegation. We reject his suggestion that this choice interfered with his Fifth Amendment right against compelled self-incrimination. Just as the Second Circuit concluded in United States v. Jones, 299 F.3d 103, 110 (2d Cir. 2002), Alvarez was not "compelled" to testify at the revocation hearing. The district court noted that he could have defended himself, for example, by cross-examining his ex-girlfriend, putting the government to its proof, and making legal objections. Alvarez attempts to distinguish Jones by arguing that his testimony was necessary in order to disprove

-3-

the assault charge by establishing that he acted in self-defense or defense-of-another. But even if choosing to testify would give state prosecutors an opportunity to "preview" his defense to the state court charges, "[t]he Fifth Amendment does not immunize a defendant from all the potentially negative consequences of" choosing to testify or remain silent. Id. at 111.

The district court acted well within its discretion in proceeding with Alvarez's revocation in an efficient, legally permissible manner, and the evidence at the revocation hearing overwhelmingly supported the district court's finding that Alvarez committed a Grade A supervised release violation. The revocation judgment of the district court is affirmed.

_____