# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1642

_____

United States of America

*Plaintiff - Appellee*

v.

Dewan Tyre Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2018
Filed: March 30, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dewan Tyre Wilson appeals the revocation of his supervised release and his sentence of 37 months' imprisonment and a one-year term of supervised release,

arguing that the district court's[1] factual findings are not supported by the evidence and that the sentence imposed is substantively unreasonable. We affirm.

The district court found that Wilson had committed a new law violation: domestic-abuse assault causing bodily injury, strangulation. See Iowa Code §§ 708.2A(1) and 708.2A(5). Wilson argues that this finding is against the weight of the evidence because the victim testified that Wilson had not strangled her. This testimony, however, was contradicted by the victim's prior statements to police and by the testimony of the two officers who responded to the report of possible violence, heard the victim screaming as they approached the residence, and saw Wilson with his hands around the victim's throat to the point where she could no longer yell. The district court found that the victim had not testified truthfully, saying, "[S]he is lying, and the police officers are telling the truth." The district court thus did not clearly err in finding that Wilson had committed a new law violation and did not abuse its discretion in revoking Wilson's supervised release. United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (standards of review).

Although Wilson argues that the district court should have continued his revocation hearing until the state court resolved his state law offense, a district court has jurisdiction to proceed with a revocation hearing even if the underlying state charges are still pending. United States v. Alvarez, 878 F.3d 640, 641 (8th Cir. 2017) (per curiam) (citing United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004); Jianole v. United States, 58 F.2d 115, 118 (8th Cir. 1932)). The district court thus did not abuse its discretion when it denied Wilson's motion for a continuance.

Wilson's final argument is that the district court imposed a substantively unreasonable sentence because it "failed to take into account Mr. Wilson's track

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

record on Supervised Release." We disagree. The district court explained that it had "carefully considered all the statutory factors at 18 United States Code Section 3553(a) that apply in a revocation setting," and it imposed a sentence falling within the United States Sentencing Guidelines' range, which we may presume to be reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

The judgment is affirmed.

_____