# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2530

_____

United States of America

*Plaintiff - Appellee*

v.

John Edward Schostag

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 15, 2018
Filed: July 13, 2018

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

MELLOY, Circuit Judge.

John Edward Schostag appeals the district court's[1] modification of his terms of his supervised release to include a standard condition explicitly prohibiting the use of medical marijuana. We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

In December 2008, Schostag pleaded guilty to felon in possession of a firearm and attempted possession of methamphetamine with the intent to distribute. He was sentenced to 120 months' imprisonment and 5 years' supervised release. Schostag began serving his supervised release in October 2015.

The terms of Schostag's supervised release require him to follow certain court-imposed conditions, including statutorily mandated conditions, standard conditions imposed across the district, and special conditions specifically tailored to his circumstances. The mandatory conditions require Schostag to "not commit another federal, state or local crime," to "not unlawfully possess a controlled substance," and to "refrain from any unlawful use of a controlled substance." Standard Condition 7 states Schostag "shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician." Special Condition (a) states he "shall not commit any crimes, federal, state, or local." And, Special Condition (f) states he "shall take any prescribed medications as directed by his medical provider."

In 2014, the state of Minnesota began allowing physicians to prescribe certain forms of medical marijuana. See Minn. Stat. §§ 152.22–37. In April 2017, Schostag notified his probation officer that his physician prescribed him medical marijuana for chronic pain. Specifically, Schostag was prescribed vaporized oil containing tetrahydrocannabinol (THC). The probation officer informed Schostag his use of marijuana—even if prescribed—was prohibited under federal law and in violation of his supervised release. In May 2017, Schostag tested positive for marijuana. The probation officer filed a Petition on Supervised Release and a Violation Report.

At a revocation hearing, Schostag admitted to using marijuana. However, Schostag argued he was following the orders of his physician, in compliance with Standard Condition 7 and Special Condition (f) of his supervised release. To clarify

any confusion, the district court modified the terms of Schostag's supervised release to include the following special condition:

> [t]he defendant shall not purchase, possess, use, distribute or administer marijuana or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

Before applying the modification, the district court discussed the inherent challenges in pain management, noting "so many of the pain medications are highly narcotic and highly addictive." Accordingly, the court delayed imposing the modification for two weeks to allow Schostag to find alternative means to address his chronic pain and did not find Schostag in violation of his supervised release.

## I. Standard of Review

Generally, "[d]istrict courts enjoy broad discretion in the imposition or modification of conditions for terms of supervised release, and we review only for abuse of discretion." United States v. Davies, 380 F.3d 329, 332 (8th Cir. 2004); see also United States v. Nixon, 839 F.3d 885, 887 (9th Cir. 2016) (per curiam) (reviewing a district court's probationary condition prohibiting possession or use of medical marijuana for abuse of discretion). However, we review questions of statutory interpretation de novo. See United States v. Stanko, 491 F.3d 408, 413 (8th Cir. 2007).

## II. Discussion

On appeal Schostag argues the district court should have used its discretion under 18 U.S.C. § 3583(d) to allow Schostag to use medical marijuana while on supervised release. Although district courts "may modify, reduce, or enlarge the

conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," 18 U.S.C. § 3583(e)(2), courts cannot amend conditions to contradict federal law. Under Title 18, certain mandatory conditions require individuals on supervised release to "not commit another Federal, State, or local crime," to "not unlawfully possess a controlled substance," and to "refrain from any unlawful use of a controlled substance." Id. § 3583(d); see also U.S. Sentencing Guidelines Manual § 5D1.3(a)(1), (2), (4).

As the district court noted, "the law is clear." The Controlled Substances Act (CSA) categorizes marijuana as a Schedule I drug with a "high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment." Gonzales v. Raich, 545 U.S. 1, 14 (2005) (citing 21 U.S.C. § 812(b)(1),(c)); see also 21 U.S.C. § 812(c)(Schedule I)(c)(17) (classifying THC as a Schedule I substance); United States v. White Plume, 447 F.3d 1067, 1073 (8th Cir. 2006) ("The plain language of the CSA states that Schedule I(c) includes 'any material . . . which contains *any quantity* of [THC],' and thus such material is regulated." (alteration in original)). Under federal law, marijuana is "contraband for *any* purpose," Raich, 545 U.S. at 27, including for medical purposes, United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 486–91 (2001) (discussing physician-prescribed marijuana and noting "for purposes of the [CSA], marijuana has no currently accepted medical use" (citation omitted)). See also United States v. Harvey, 659 F.3d 1272, 1274 (9th Cir. 2011) (affirming a district court's revocation of supervised release, based on its determination that a defendant's use of marijuana, pursuant to a physician's recommendation, was unlawful under federal law). The district court therefore correctly concluded Schostag's use of marijuana—even for medical purposes—contravenes federal law.

Although some medical marijuana is legal in Minnesota as a matter of state law, the state's law conflicts with federal law. Where there is a conflict between federal and state law with respect to marijuana, "[t]he Supremacy Clause

-4-

unambiguously provides . . . federal law shall prevail." Raich, 545 U.S. at 29; see also United States v. Hicks, 722 F. Supp. 2d 829, 833 (E.D. Mich. 2010) ("It is indisputable that state medical-marijuana laws do not, and cannot, supercede federal laws that criminalize the possession of marijuana."). Accordingly, we conclude the district court had no discretion to allow Schostag to use medical marijuana while on supervised release.

We also determine the district court did not abuse its discretion in modifying Schostag's terms of supervised release to provide clarifying language accurately depicting federal law. See United States v. Weiland, 284 F.3d 878, 882 (8th Cir. 2002) ("A district court abuses its discretion when in makes an error of law or a clearly erroneous assessment of the evidence."); see also United States v. Johnson, 228 F. Supp. 3d 57, 62 (D.D.C. 2017) (determining individuals may be "prohibited from using state-sanctioned medical marijuana while under federal court supervision").

Accordingly, we affirm the judgment of the district court.

_____