**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1569
_____

UNITED STATES OF AMERICA

v.

CAMERON CANNON,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-21-cr-00033-001
District Judge:  The Honorable Arthur J. Schwab

_____

Submitted May 9, 2022

Before: KRAUSE, RESTREPO, and SMITH, *Circuit Judges*

(Filed: June 8, 2022)

Donovan J. Cocas
Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee*

Jon Pushinsky
Suite 1808
429 Fourth Avenue
Pittsburgh, PA 15219
       *Counsel for Appellant*

_____

OPINION OF THE COURT

_____

PER CURIAM

As a condition of his bond, a Magistrate Judge ordered that Cameron Cannon not violate any federal, state, or local law. That includes the use and possession of marijuana, a Schedule I controlled substance. Nonetheless, Mr. Cannon continued to use marijuana for medical purposes on the recommendation of his physician, leading the District Court to revoke his bond. Cannon appeals that decision on the grounds that a different condition of his release permitted the use of controlled substances with a doctor's prescription. Whether courts may excuse medical marijuana use in bond revocation hearings is an issue that has confused defendants and divided courts in the Third Circuit. But it is beyond dispute that the use and possession of marijuana—even where sanctioned by a State—remains a violation of federal law. So we will affirm the District Court's revocation of Cannon's bond and deny his motion for release.

I.

In 2019, Cameron Cannon was arrested and charged with drug- and firearms-related offenses in Pennsylvania. **PSR at ¶ 33.** The state court released him on bond pending trial

2

and he remained in the community until February 2021, when federal prosecutors indicted him and moved for his detention pursuant to 18 U.S.C. § 3142. **PSR at ¶ 33; Gov. Ex. A at 2.** The parties agreed that because of the drug and firearms charges against Cannon, § 3142(e)'s presumption of detention pending trial applied but disagreed as to whether Cannon should be released on bond. **Gov. Ex. B at 26-30.** A detention hearing was held in April 2021 before a U.S. Magistrate Judge. **Gov. Ex. A at 3–4.** The Magistrate Judge weighed the relevant factors and, because Cannon had thus far complied with the conditions of his state court bond during his release, the Magistrate Judge granted his request for pretrial release. **Gov. Ex. B at 33-34;** *see also* **Gov. Ex. A at 3–4.**

As part of that release, the Magistrate Judge imposed a number of conditions. Condition 1, which is required under the Bail Reform Act, 18 U.S.C. § 3142(b), was that Cannon "must not violate federal, state, or local law while on release." Gov. Ex. C at 1. The Magistrate Judge also imposed Condition 7(m), that Cannon "not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." *Id.* at 2.

With respect to these conditions, Cannon raised the issue of medical use of marijuana. As he explained, because he is a paraplegic and suffers from serious and painful medical conditions, **Cannon Brief at 2,** his doctor had recommended medical marijuana, **Cannon Ex. 4 at 16,** and had issued him a certification pursuant to Pennsylvania's Medical Marijuana Act ("MMA"), codified at 35 Pa. Stat. and Cons. Stat. § 10231.101, *et seq* (West 2016), **Cannon Ex. 3.** Under the MMA, this certification—commonly referred to as a

3

"medical marijuana card"—allows a patient to obtain medical marijuana from an approved dispensary.

The Magistrate Judge rejected the notion, responding: "[n]ope. I mean, that's a federal rule from DOJ. It's still federally illegal, card or not, so I can't authorize that." **Gov. Ex. B at 36.** Cannon replied that he was "not worried about using medical marijuana" and that he "[did]n't need it" before agreeing to abide by the conditions of his release. *Id.*

Less than a month later, Cannon raised the issue again, asking the District Court to modify the conditions of his bond and requesting an exemption to allow him to use medical marijuana. **Gov. Ex. E at 1-2.** The District Court denied Cannon's request, in part, because marijuana is a Schedule I controlled substance, the use and possession of which is prohibited under federal law for any purpose. **Gov. Ex. H. at 6-7.** Cannon did not appeal this decision. **Gov. Ex. A at 4.**

In January 2022, the U.S. Probation Office ("USPO") informed the District Court that on several occasions from August 2021 to December 2021 Cannon had either tested positive for marijuana or admitted using marijuana, **Gov. Ex. I at 1,** and the following month moved to revoke his bond, **Gov. Ex. J.** A revocation hearing was held, at which the District Court determined that Cannon had violated Condition 1 of his release by violating federal law. **Gov. Ex. N at 19–20.** The District Court then entered an order revoking Cannon's bond pursuant to 18 U.S.C. § 3148. **Gov. Ex. N at 24; Gov Ex. A at 6.** This appeal followed.

4

## II.

When a trial judge determines that a defendant on bond has either committed a federal, state, or local crime or violated another condition of their release, the judge must balance the factors set forth in 18 U.S.C. § 3142(g) and decide if there is any condition or combination of conditions that could be imposed to assure that the supervisee will not flee or pose a danger to the safety of the community. 18 U.S.C. § 3148(b). If not, the judge must enter an order of revocation and detention. *Id.* "[B]ecause of the crucial nature of the defendant's liberty interest and the 'clear public interest' that is at stake," we must "independently determine" whether revocation of Cannon's bond was proper. *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985) (quoting *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985)). We nonetheless "give the reasons articulated by trial judges respectful consideration." *Id.*

Here, the District Judge concluded that Cannon's use of marijuana violated federal law and therefore Condition 1 of his release and determined, based on Cannon's repeated use of marijuana despite repeated warnings, that no bond conditions would "adequately protect the public" or cause Cannon to "conform to the requirements of law." **Gov Ex. M at 24.** We hold that both determinations were proper.

## A.

As to whether he violated the conditions of his release, Cannon argues on appeal that the District Court should have excused his marijuana use because, while the use and possession of marijuana—a Schedule I controlled substance—violated Condition 1 of his release, Condition 7(m) expressly permitted him to use controlled substances where

5

"prescribed by a licensed medical practitioner." Cannon Brief at 4 (emphasis omitted). He contends that these two conditions are in conflict and that, as a result, "[h]e could legitimately believe that his conduct was authorized." *Id.* at 5. Cannon is not alone in this view; as he points out, District Courts in our Circuit appear to be split on whether state-sanctioned use of medical marijuana may be excused notwithstanding the requirement in 18 U.S.C. § 3142(b) that a defendant not violate federal law. *See* Cannon Brief at 2 n.3 (collecting cases). We have not yet weighed in on this issue and so take this opportunity to hold that the use of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law for purposes of § 3142(b), and a District Court may not disregard that violation when deciding if a defendant has complied with the terms of their release.[1]

As an initial matter, we disagree with Cannon that Condition 1 and Condition 7(m) are in conflict with respect to medical marijuana. The Controlled Substances Act lists marijuana as a Schedule I controlled substance, reflecting Congress's express determination that it is illegal "for *any* purpose" and that it "has no acceptable medical uses." *Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (emphasis in original). The Act does not contain any exception for medical marijuana. *United States v. Oakland Cannabis Buyers'*

---

[1]In so holding, we affirm the District Court's revocation of Cannon's bond and deny his motion for release on the facts of this case. We do not hold that any use of marijuana for medical purposes while on pretrial release per se warrants revocation. The consequences of a bail violation are left to the discretion of the trial judge, who bears the important responsibility of balancing the factors in § 3142(g) to determine if a violation justifies revocation and detention. *See* 18 U.S.C. § 3148(b). We find the District Court's determination appropriate here.

*Coop.*, 532 U.S. 483, 486 (2001).  It is thus illegal under federal law for medical practitioners to prescribe marijuana to patients, and doing so may subject them to both criminal penalties and revocation of their licenses to prescribe controlled substances. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 824, 841(a).  Pennsylvania law also does not purport to authorize medical practitioners to prescribe marijuana; rather, the MMA only permits them to issue a "certification to use medical marijuana."  35 Pa. Stat. and Cons. Stat. § 10231.403(a).

The distinction between a "prescription" and a "certification" is critical for medical professionals; the former is an order for a patient to use marijuana, whereas the latter is merely a recommendation—protected by the First Amendment—as to its potential benefits. *See Conant v. Walters*, 309 F.3d 629, 635 (9th Cir. 2002).  And that distinction is critical here:  Condition 7(m) prohibited Cannon from using or possessing any controlled substances "unless *prescribed* by a licensed medical practitioner."  Gov. Ex. C at 2 (emphasis added).  Under the MMA, Cannon did not have a prescription for marijuana, only a certification, so his use of marijuana violated not only Condition 1, but also Condition 7(m).[2]

Nor would it resolve the issue if Condition 7(m) had been drafted to permit the use of controlled substances with a medical practitioner's "recommendation" or "certification."

---

[2] Though the use of marijuana here violates both Condition 1 and Condition 7(m), this will not necessarily be the case for every controlled substance.  Some Schedule V substances, such as cough medications with less than 200 milligrams of codeine per 100 milliliters, may be obtained and used legally without a prescription. *See* 21 C.F.R. 1308.15(c)(1). Thus, their use would not violate Condition 1, but because they are nonetheless controlled substances, their use without a prescription would violate Condition 7(m).

The use of marijuana would still have been in violation of federal law and therefore in violation of Condition 1, which is a mandatory condition under 18 U.S.C. § 3142(b). Under that provision, all defendants subject to federal supervision are prohibited from using medical marijuana as long as it remains illegal under federal law, regardless of whether a state has authorized its use.[3]

We recognize that this is the first time we have spoken clearly on this question, meaning some defendants may have reasonably been confused as to whether using medical marijuana would violate their conditions of release. *See United States v. Bey*, 341 F. Supp. 3d 528, 532 (E.D. Pa. 2018). But that is not an issue here, as the record is clear that Cannon was well aware that he was not allowed to use marijuana, regardless of whether it was legal under Pennsylvania law. When he first raised the issue, the Magistrate Judge declined to authorize him to use medical marijuana, citing federal law. **Gov. Ex. B at 36.** He then formally requested that the District Court modify the conditions of his release to include an exemption for medical marijuana use, only to be denied, again, on the ground that marijuana use would violate federal law. **Gov. Ex. H. at 6–7.** Yet in the face of this clear judicial guidance and multiple warnings from the USPO, Cannon nevertheless used

---

[3] We join several of our sister circuits in reaching this holding. *See, e.g.*, *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018); *United States v. Harvey*, 659 F.3d 1272 (9th Cir. 2011), *aff'g United States v. Harvey*, 794 F. Supp. 2d 1103 (S.D. Cal. 2011).

medical marijuana in violation of federal law and the conditions of his release. He cannot now claim either ignorance or confusion.

B.

Cannon violated federal law and the conditions of his release by using medical marijuana. The District Court determined that, "based on [his] refusal to stop using marijuana after this Court clearly denied his request to be able to use medical marijuana and after numerous countless warnings by the probation office[,]" there were no conditions that could be imposed to ensure that Cannon "conform to the requirements of law." Gov Ex. N. at 24. This decision was not in error. No condition or combination of conditions can be effective if a defendant will not comply with them. *See* 18 U.S.C. § 3148(b)(2)(B).

Cannon protests that the District Court should have taken less drastic measures and instead issued a stern warning. **Cannon Brief at 7.** But Cannon already received warnings from the Magistrate Judge, the District Judge, and the USPO, so the District Court did not err by deciding that yet another warning would be ineffective. Cannon also points to his "proven ability to comply with court imposed conditions, excepting marijuana usage." Cannon Brief at 6. But whether Cannon is able to comply with other conditions of his release is irrelevant where he has clearly demonstrated an unwillingness to comply with Conditions 1 and 7(m). Likewise, the District Court did not err by declining to consider the existence of Pennsylvania's medical marijuana program as a mitigating factor weighing against revocation. ***See* Gov. Ex. N at 25.** The Pennsylvania legislature may have determined that sanctioning medical marijuana is in the best interests of its citizens, but as

9

a matter of federal law, Congress continues to classify marijuana in the most serious category of controlled substances.

Cannon's remaining arguments are without merit. He cites as persuasive authority the Supreme Court's decision in *Gonzales v. Oregon*, 546 U.S. 243 (2006). **Cannon Brief at 9–10.** But that decision involved "drugs classified under Schedule II," which have an accepted medical use. *Id.* at 253–54. Marijuana, in contrast, remains classified as a Schedule I controlled substance with "no accepted medical use." *Id.* at 269. In addition, Cannon raises two arguments on appeal for the first time, which we review for plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993). First, he argues that the Consolidated Appropriations Act of 2019 prevents the Department of Justice from spending congressional funds to interfere with state medical marijuana regimes. **Cannon Brief at 8–9.** Even if that were so—and we need not now address that argument—it was the USPO, not the Department of Justice, that petitioned to have Cannon's bond revoked, and Cannon has identified no funds expended by the Department of Justice in this matter apart from those related to this appeal, which are not barred by the Appropriations Act. *See United States v. Pisarski*, 965 F.3d 738, 741 (9th Cir. 2020). Second, he argues that Congress's classification of marijuana as a Schedule I controlled substance is arbitrary and capricious, in violation of his Fifth Amendment due process rights. **Cannon Brief at 10.**

But it is certainly not "clear under current law" that there is any fundamental right to use medical marijuana, so any error would not be plain. *Olano*, 507 U.S. at 734.

III.

For the foregoing reasons, we will affirm the District Court's revocation of Cannon's bond and **DENY** Cannon's motion for release.

11