# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2421
_____

United States of America

*Plaintiff - Appellee*

v.

Tony Doolin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 12, 2024
Filed: February 26, 2024
_____

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.
_____

GRUENDER, Circuit Judge.

In 2017, Tony Doolin was sentenced to 60 months of imprisonment and 4 years of supervised release for distribution of crack cocaine. His supervised-release term commenced on December 27, 2022. During his term of supervised release, he resided in Iowa and possessed a medical-marijuana card authorizing him to obtain medical marijuana under Iowa law. *See* Iowa Code § 124E.12(4)(a). On March 17, 2023, the probation office filed a petition to revoke Doolin's supervision based on

his ongoing marijuana use and his failure to comply with substance-abuse testing. The probation office later filed an amended revocation petition, adding a new law violation on the basis that Doolin distributed his medical marijuana to his girlfriend. Doolin moved to enjoin the revocation proceedings, arguing that they violated the Appropriations Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 7, due to the Consolidated Appropriations Act (CAA) of 2023, Pub. L. No. 117-328, § 531, 136 Stat. 4561 (2022). The district court[1] denied the motion, revoked Doolin's supervised release, and sentenced him to a 15-month term of imprisonment.

Doolin now appeals, renewing his argument that the CAA prohibits his revocation. On August 24, 2023, his counsel filed an opening brief. On August 30, 2023, this court granted his counsel's motion to withdraw due to her suspension from the practice of law and appointed new counsel for Doolin. After the filing of the Government's brief, new counsel filed an "*Anders* reply brief" and accompanying motion to withdraw, arguing that there were no meritorious issues for review because Doolin's supervised release was revoked based on violations that fell outside the scope of the constitutional challenge raised in his opening brief.

We review the district court's denial of an injunction and its revocation of supervised release for an abuse of discretion. *See United States v. Montgomery*, 532 F.3d 811, 814 (8th Cir. 2008); *MPAY Inc. v. Erie Custom Computer Apps., Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020). In each instance, we review the district court's underlying factual findings for clear error and consider its legal conclusions *de novo*. *See Montgomery*, 532 F.3d at 814; *United States v. Schostag*, 895 F.3d 1025, 1027 (8th Cir. 2018); *MPAY Inc.*, 970 F.3d at 1016.

The Appropriations Clause dictates that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." U.S. Const. art. 1 § 9, cl. 7. The CAA appropriated funds to the Department of Justice ("DOJ"), but

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

section 531 of the Act dictates that "[n]one of the funds made available under this Act to the Department of Justice may be used . . . to prevent [certain states, including Iowa,] from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Two circuits have interpreted such language to mean that "the DOJ may not spend funds to bring prosecutions if doing so prevents a state from giving practical effect to its medical marijuana laws." *United States v. Bilodeau*, 24 F.4th 705, 713 (1st Cir. 2022); *United States v. McIntosh*, 833 F.3d 1163, 1176-77 (9th Cir. 2016). We are not aware, however, of any circuit that has concluded that a supervised-release revocation based on medical-marijuana violations runs afoul of section 531's directive. We will not do so in this case.

Preliminarily, we note that, regardless of the laws of any state or any limits on prosecutorial funding, marijuana possession remains illegal under federal law. *See* 21 U.S.C. §§ 841, 844; *Schostag*, 895 F.3d at 1027-28; *Gonzalez v. Raich*, 545 U.S. 1, 29 (2005) (noting that, in determining the legality of marijuana, "[t]he Supremacy Clause unambiguously provides that . . . federal law shall prevail"). Federal courts are required to impose a prohibition on a defendant's unlawful possession or use of all controlled substances, including marijuana, as a condition of any term of supervised release. *See Schostag*, 895 F.3d at 1027-28; 18 U.S.C. § 3583(d). Section 531 altered neither marijuana's controlled status nor the mandatory supervised-release conditions. *See Schostag*, 895 F.3d at 1028; *see also Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 504 (1936) ("[T]he intention of the legislature to repeal must be clear and manifest . . . ."). Thus, the prohibition on possession or use of marijuana was a lawful and mandatory condition of Doolin's supervised release.

Even if our sister circuits are correct that section 531 prohibits the DOJ from funding marijuana-related prosecutions (or, here, revocations) where doing so "prevents a state from giving practical effect to its medical marijuana laws," the district court did not abuse its discretion in revoking Doolin's supervised release on

the facts now before us.[2] Doolin engaged in unlawful conduct, even under Iowa's medical-marijuana regime. Private distribution of marijuana—even marijuana obtained by a distributor in a manner consistent with the state's laws—is illegal under Iowa law. *See* Iowa Code § 124.401(1)(d). Doolin testified at his revocation hearing that he repeatedly shared his marijuana with his pregnant girlfriend. His girlfriend's testimony corroborated this—she testified that she and Doolin smoked together "maybe twice a day" until he was taken into custody. The district court did not err in concluding on this record that Doolin unlawfully distributed marijuana. This same testimony also established another Iowa law violation as smoking marijuana, even medical marijuana, is also prohibited under Iowa law. *See* Iowa Code §124E.17; *see also United States v. Doolin*, 2023 WL 3485974, at *4 (N.D. Iowa 2023).

Thus, even assuming section 531 would have prohibited revocation of Doolin's supervised release based on simple possession or use of medical marijuana, we conclude that the district court did not err in determining that Doolin's revocation proceedings were not prohibited by the CAA and that the court did not abuse its discretion in revoking Doolin's supervised release. Accordingly, we affirm the district court's judgment and grant defense counsel's motion to withdraw.

_____

[2]We are skeptical that a revocation proceeding would ever "prevent" a state's implementation of its medical-marijuana laws. Such revocations are predicated on the violation of court-mandated conditions. This is inherently different than the Government initiating a new prosecution against an individual who has not violated state law and is not subject to the additional restrictions inherent to supervised release. Courts often revoke supervised release based on conduct permitted for the general public by both state and federal law but prohibited for a particular defendant by his supervised-release conditions. For example, a court might impose a condition that a defendant cannot use alcohol during his supervised release and then revoke his supervised release when he subsequently consumes alcohol. Yet that revocation would in no way hinder or even implicate Iowa's legislative scheme governing alcohol consumption for the general public. *See United States v. Johnson*, No. 10-10087-NMG, 2022 WL 3327518, at *6 (D. Mass. July 8, 2022).