**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No.   23-829 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00050-KJM-1 |
| v. | |
| IRA LESLIE WALTRIP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted  June 7, 2024[**]
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

The district court sentenced defendant Ira Leslie Waltrip to 24 months' imprisonment, followed by 96 months of supervised release, after revoking the term of supervised release that he was serving following his conviction for possessing child pornography while employed as a civilian contractor with the United States Armed Forces outside the United States. Waltrip appeals, challenging the substantive reasonableness of the sentence and the district court's failure to subtract from the new term of supervised release the length of the terms of imprisonment imposed for prior violations of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"In the context of sentencing upon revocation of supervised release, we review the sentence imposed under the *Booker* reasonableness standard." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009); *see also United States v. Booker*, 543 U.S. 220, 261 (2005). We review a sentence's substantive reasonableness "for abuse of discretion based on the totality of the circumstances." *United States v. Vasquez-Perez*, 742 F.3d 896, 901 (9th Cir. 2014). We review the district court's interpretation of the supervised release statute de novo. *See United States v. Harvey*, 659 F.3d 1272, 1274 (9th Cir. 2011).

1. The district court did not abuse its discretion in imposing a 24-month term of imprisonment. "A substantively reasonable sentence is one that is 'sufficient, but

not greater than necessary' to accomplish § 3553(a)[]'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

When a defendant violates the conditions of his supervised release, the court may

> revoke [the] term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]

18 U.S.C. § 3583(e)(3). The defendant "may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony[.]" *Id.* The defendant is "not to be credited for prior terms of imprisonment imposed upon revocation of [his] supervised release," because the statutory cap applies to each individual revocation. *United States v. Knight*, 580 F.3d 933, 938 (9th Cir. 2009). The court may exceed the applicable U.S. Sentencing Guidelines range and impose

3

up to the maximum sentence permitted under § 3583(e)(3) if it states at the time of sentencing its "*specific reason*" for imposing a longer sentence. *United States v. Miqbel*, 444 F.3d 1173, 1178 (9th Cir. 2006) (quoting 18 U.S.C. § 3553(c)(2)).

The district court imposed the statutory maximum sentence of 24 months, which is above the Guidelines range of 3-9 months. *See* U.S. Sent'g Guidelines Manual § 7B1.4(a) (U.S. Sent'g Comm'n 2024). But this sentence was substantively reasonable. The district court gave specific reasons for imposing the above-Guidelines sentence: that the charges were "very serious," that the charges were "the latest in a series of repeat violations," and that Waltrip "was not forthcoming about the devices he had in his possession when they were ultimately found at his home." The district court also noted that Waltrip's conduct was a "serious breach of the Court's trust." This explanation comports with the district court's duties to undertake rational and meaningful consideration of the relevant § 3553(a) sentencing factors, state specific reasons for imposing an above-Guidelines sentence, and "sanction primarily the defendant's breach of trust." U.S.S.G. Ch. 7, Pt. A intro. comment 3(b); *see Miqbel*, 444 F.3d at 1182.

The district court did not consider factors that it was forbidden from considering, including the unproved allegation that Waltrip possessed child pornography. The district court specifically asked the government to confirm that

4

none of the charges involved possession of child pornography, struck all mention of child pornography from the title of Charge 2, and explicitly accepted that there was no evidence to support a child pornography charge.

2. The district court did not err in imposing a 96-month term of supervised release. "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* The subtraction requirement in this provision matters only for purposes of determining the maximum possible term of supervised release. Because "it is 'highly unlikely' that Congress intended to bar lifetime supervised release under the statute," we have concluded that § 3583(h)'s subtraction requirement as applied to a lifetime maximum term still equals a lifetime maximum. *United States v. Crowder*, 738 F.3d 1103, 1105 (9th Cir. 2013) (quoting *United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012)).

A supervised release term of life was authorized by statute for Waltrip's underlying offense. *See* 18 U.S.C. § 3583(k). The district court imposed 96 months

5

of supervised release—well below the maximum term.  In light of *Crowder*, Waltrip's argument that a 96-month term of supervised release exceeds the maximum term that the court may impose is without merit.

    **AFFIRMED**.