GOLDBERG, Judge:
Mozella Gainous, Jr. appeals his sentence for violating several conditions of his supervised release. Specifically, Gainous misrepresented his income to his probation officer and used these funds to purchase a house, rather than to fulfill his outstanding obligations to the Internal Revenue Service. As part of his sentence, the district court ordered Gainous to sell his newly purchased house and apply the proceeds toward his restitution order. On appeal, Gainous argues that the district court lacked the authority to order this sale as a condition of supervised release, and in the alternative, that the sale constituted an abuse of the district court’s discretion.
After reviewing the record, reading the parties’ briefs, and having the benefit of oral argument, we conclude that Gainous’ arguments in support of his appeal are meritless. First, the district court had the statutory authority to “order the sale of property of the defendant” upon its “finding that the defendant [was] in default on a payment of a fine or restitution.” 18 U.S.C. § 3613A(a)(l) (2000). Second, the district court did not abuse its discretion in ordering the sale of Gainous’ residence as it reasonably related to the factors set forth in the United States Sen *855 tencing Guidelines, and does not involve a greater deprivation of liberty than necessary in light of Gainous’ misrepresentations to his probation officer. See 18 U.S.C. §§ 3553(a)(2)(a) and 3583(d). The sentence of the district court is therefore AFFIRMED.