[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

_____

No. 08-17116

_____

D. C. Docket No. 08-00002-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME COAST, JR.,
a.k.a. David Green,
a.k.a. Hot Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 5, 2010)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

BARKETT, Circuit Judge:

Jerome Coast appeals his seventy-month sentence imposed by the district

court following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In calculating the Sentencing Guidelines range, the court added two points to Coast's criminal history for a prior conviction of driving with a suspended license, pursuant to U.S.S.G. § 4A1.2(c)(1) and § 4A1.2(k). At issue in this case is the interaction between those two provisions.[1]

Under U.S.S.G. § 4A1.1 and § 4A1.2, courts calculate criminal history points by evaluating each of the defendant's prior convictions according to a variety of factors, including the length of sentence imposed for each conviction. Section 4A1.2(c) provides that all felonies and misdemeanors, unless excluded under subsections (c)(1) or (c)(2), are counted as part of a defendant's criminal history. Subsection (c)(1) excludes a number of misdemeanor offenses, including driving with a suspended license, unless "the sentence [imposed] was a term of probation of more than one year or a term of imprisonment of at least thirty days." When a defendant is sentenced to probation, but that probation is subsequently revoked, § 4A1.2(k) instructs the court to "add the original term of imprisonment to any term of imprisonment imposed upon revocation" when calculating criminal history points.

Coast argues that his sentence is procedurally unreasonable because the

---

[1] We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Maxwell, 579 F.3d 1282, 1305 (11th Cir. 2009).

court, in calculating his criminal history, erroneously included his sentence for driving with a suspended license. Coast originally received twelve months probation for the conviction. Had Coast been sentenced for the present offense (possession of a firearm) prior to any probation revocation, the conviction for driving with a suspended license would have been excluded under § 4A1.2(c)(1) as his sentence to a probationary period of twelve months was not long enough for it to be counted as part of his criminal history.[2] However, after violating his probation, Coast was sentenced to a term of 219 days imprisonment for driving with a suspended license. Thus, in computing his criminal history for the present offense, the district court applied § 4A1.2(k)(1) and, pursuant thereto, calculated the length of his sentence by adding 219 days to his original term of 0 days imprisonment. Thus, because his total sentence for driving with a suspended license after the revocation was greater than thirty days imprisonment, see § 4A1.2(c)(1), the court included the conviction in its criminal history calculation, thereby adding two points to his criminal history category.[3]

---

[2] As discussed above, under § 4A1.2(c)(1), courts count convictions such as driving with a suspended license only when "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days."

[3] Once a sentencing court determines, under § 4A1.2, whether a particular conviction is included in a defendant's criminal history calculation, the court looks to § 4A1.1 to calculate the number of points to assign to a particular conviction. Here, a sentence of 219 days corresponds to two points under § 4A1.1(b).

Coast argues that § 4A1.2(k)(1) should not be used when the original sentence would have been excluded under § 4A1.2(c)(1). We find no support for Coast's contention. We have held that revocation of probation is part of a defendant's original sentence because "revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence." United States v. Woods, 127 F.3d 990, 992-93 (11th Cir.1997). Furthermore, there is nothing in the text or the commentary of the Sentencing Guidelines that indicates an intent to insulate § 4A1.2(c) from the normal application of § 4A1.2(k).

We also reject Coast's argument that because § 4A1.2(c) focuses on the nature of the crime of conviction, rather than the length of the sentence, once a conviction is excluded it cannot be revived by § 4A1.2(k). We find this argument unpersuasive. The Guidelines could easily have excluded crimes such as driving with a suspended license regardless of the sentence, as they do for all the crimes listed in § 4A1.2(c)(2). Instead, the Guidelines determine whether such a conviction will be counted in the criminal history calculation based on the length of the sentence imposed for its violation, supporting our conclusion that § 4A1.2(k) is applicable in this case.

Section 4A1.2(k) directly instructs a district court, when calculating criminal

4

history points, to "add the original term of imprisonment to any term of imprisonment imposed upon revocation." The district court did exactly that, and we find no procedural error in the sentence imposed.

**AFFIRMED.**