[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15446
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00436-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Jorge Hernandez appeals his 77-month sentence, imposed at the low end of his Guidelines range, after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Hernandez brings two issues on appeal, which we address in turn. After review, we affirm Hernandez's sentence.

I.

Hernandez asserts the district court's imposition of a 77-month term of imprisonment was substantively unreasonable as the Guidelines range resulted from redundant consideration of his criminal history and did not adequately take into account the factors set forth in 18 U.S.C. § 3553(a). Within this argument, for the first time on appeal, Hernandez contends his 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a previous crime of violence was unreasonable, because it was not based on empirical data and penalizes a defendant twice for the same prior conviction also included in the criminal history calculation.

We review the reasonableness of a sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences

dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011) (quotations omitted).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (alteration omitted). A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Hernandez's 77-month sentence, located at the low end of his advisory guideline range, is substantively reasonable. The district court did not abuse its discretion in considering Hernandez's escalating criminal history in determining a reasonable sentence, and the court also took into account the § 3553(a) factors, including Hernandez's history and characteristics, the nature of the offense, the fact that Hernandez needed to be held accountable for his conduct, the need to protect the community, and the possibility of Hernandez receiving training while in prison. Particularly, the district court explicitly considered Hernandez's

3

arguments regarding his youth and assimilation into the culture of the United States in determining Hernandez's sentence.

Hernandez failed to raise until this appeal his policy argument that the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was unreasonable, and thus he has waived all but plain-error review. *See United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006) (explaining objections to a sentence raised for the first time on appeal are reviewed for plain error). Hernandez cites no binding precedent from the Supreme Court or this Court to support his argument, nor does such precedent exist, and therefore the district court did not plainly err in assigning the 16-level enhancement for Hernandez's previous crime of violence. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (stating there can be no plain error where neither the Supreme Court nor this Court has directly resolved the issue).

## II.

Although acknowledging this Court's precedent is contrary to his argument, Hernandez also contends the district court erred by assigning two criminal history points for a juvenile conviction for obstruction, because the court improperly applied U.S.S.G. § 4A1.2(k)(1) to determine that his probation revocation

sentence of two years' imprisonment prevented that offense from being exempt from application of criminal history points under U.S.S.G. § 4A1.2(c)(1).

We have held the district court should apply § 4A1.2(k)(1) when determining whether an offense should be excluded pursuant to § 4A1.2(c)(1)(A). *United States v. Coast*, 602 F.3d 1222, 1223-24 (11th Cir. 2010). Thus, the district court did not err in applying U.S.S.G. § 4A1.2(k)(1) to determine Hernandez should receive two criminal history points for his June 2004 adjudication, based upon his two-year sentence of imprisonment for a probation revocation. Hernandez concedes *Coast* forecloses his argument and supports that a district court should aggregate a defendant's original sentence and probation revocation sentence to determine whether a conviction is exempt from the application of criminal history points pursuant to U.S.S.G. §§ 4A1.2(c)(1) and 4A1.2(k).

**AFFIRMED.**