# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3090

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jordan Allen Decoteau,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 10, 2014
Filed: July 14, 2014

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jordan A. Decoteau pleaded guilty to the offense of larceny in Indian country, in violation of 18 U.S.C. §§ 661 and 1153. The district court sentenced him to twenty-four months' probation. After Decoteau admitted to violating the terms and conditions of his probation, the court revoked his probation and resentenced him to time served, followed by eighteen months' supervised release. Decoteau then

violated the conditions of his supervised release. The district court[1] revoked his supervised release and sentenced him to fifteen months' imprisonment. Decoteau appeals, arguing that his most recent sentence exceeds the maximum authorized by statute.

A district court's authority to impose a prison sentence upon revocation of supervised release is set forth in 18 U.S.C. § 3583(e)(3). The statute provides that the sentence may not exceed "the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). The sentence also may not exceed the absolute maximum revocation sentence provided in § 3583(e)(3) with respect to the class of "the offense that resulted in the term of supervised release." *Id.*; *see United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). The absolute maximum is five years for a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year "in any other case." 18 U.S.C. § 3583(e)(3).

The parties disagree about which of Decoteau's offenses is "the offense that resulted in the term of supervised release" under which he was revoked. Decoteau says it is the violation of the conditions of his probation; the government contends it is Decoteau's original larceny conviction. On Decoteau's view, his sentence exceeds § 3583(e)(3)'s second limitation, because the probation violation was not a felony and the maximum revocation sentence is the one-year term that applies to "any other case." The government responds that Decoteau's larceny offense is a class D felony, *see* 18 U.S.C. §§ 661, 3559(a)(4), so the maximum sentence authorized is two years' imprisonment.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

The government has the better view. The statute governing revocation of probation provides that a court may "revoke the sentence of probation and resentence the defendant." 18 U.S.C. § 3565(a). The district court exercised that authority when Decoteau violated the conditions of probation under his original sentence for the larceny offense. The court revoked Decoteau's probation and resentenced him to time served, followed by eighteen months' supervised release. Therefore, when Decoteau was sentenced to the eighteen months of supervised release, he was resentenced for his original larceny offense. *See United States v. Verkhoglyad*, 516 F.3d 122, 130 n.6 (2d Cir. 2008) ("[A] probation violation does not trigger a sentence for the violation conduct, but a 'resentence' on the crime of conviction."); *see also United States v. Coast*, 602 F.3d 1222, 1223 (11th Cir. 2010); *United States v. Huerta–Moran*, 352 F.3d 766, 771 (2d Cir. 2003); *United States v. Compian–Torres*, 320 F.3d 514, 516 (5th Cir. 2003); *United States v. Vasquez*, 160 F.3d 1237, 1239 (9th Cir. 1998).

The district court resentenced Decoteau to a term of fifteen months' imprisonment for the original larceny offense. The maximum revocation sentence authorized for larceny, a Class D felony, is two years' imprisonment. The term imposed was therefore within the maximum authorized by law, and Decoteau's appeal is without merit.

The judgment of the district court is affirmed.

_____