# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-2869

———————————————

United States of America

*Plaintiff - Appellee*

v.

Maurice Stone

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

———————

Submitted: June 11, 2018
Filed: September 14, 2018
[Unpublished]

———————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

———————

PER CURIAM.

Maurice Tyriq Stone, Jr. served his felon-in-possession sentence and began a term of supervised release in April 2016. The United States Probation Office petitioned to revoke in March 2017. After a lengthy evidentiary hearing, the district

court[1] found that Stone had violated three conditions of supervised release and sentenced him to eighteen months' imprisonment followed by eighteen months of supervised release for these Grade C violations. See 18 U.S.C. § 3583(e)(3). Stone appeals, arguing the evidence was insufficient to find that he violated two conditions -- the mandatory condition that he "not commit another federal, state, or local crime," and the special condition that he "is prohibited from the use of alcohol." Reviewing for clear error the finding that Stone violated the conditions, we affirm. See United States v. Holt, 664 F.3d 1147, 1150 (8th Cir. 2011), cert. denied, 132 S. Ct. 1981 (2012) (standard of review).

On February 25, 2017, Maria Cavros, an employee of the Westdale Court Apartments in Cedar Rapids, Iowa, called 911 to report that an apparently intoxicated motorist had recklessly driven a white SUV through the parking lot, parked the vehicle, got out and urinated, entered the apartment building, and then returned to the vehicle. Police officers dispatched to the scene found an idling white Ford Explorer registered to Latisha Corbett, the mother of Stone's children. When the officers approached the vehicle and ordered the driver to shut it off, he sped away, leading the police on a chase before crashing into a nearby building, then eluding capture by fleeing the scene. The police recovered an open alcohol beverage container on the driver's side floorboards of the vehicle. The primary issue at the revocation hearing was whether Stone was the intoxicated driver of that vehicle.

Cavros testified and positively identified Stone as the driver. A photo Cavros took after the driver exited the vehicle was admitted into evidence; Stone's probation officer testified and positively identified Stone as the man in the photo. The defense cross-examined Cavros and called two witnesses who contradicted portions of the government's evidence. At the conclusion of the hearing, the district court found that

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

"Maurice Stone was the driver of the white SUV that was described by Maria Cavros." The court found Cavros "an extremely reliable witness" whose testimony was "corroborated by the photographs of the offender." It found the testimony of the defense witnesses was not credible. Based on these findings, the court found that, at the time, Stone was under the influence of alcohol and was guilty of multiple new law violations -- "eluding, public urination, reckless driving, open container, and leaving the scene of an accident."

On appeal, Stone argues the evidence was insufficient to find that he was the driver of the white SUV and therefore violated the two supervised release conditions. Cavros's testimony identifying Stone was not reliable, he argues, because she initially told police she did not recognize the driver, and her testimony was contradicted by the defense witnesses. As we have repeatedly said, the credibility of witnesses is "virtually unreviewable on appeal because it is preeminently the job of the finder of fact." United States v. Van, 543 F.3d 963, 965 (8th Cir. 2008) (quotation omitted). The district court expressly credited Cavros's testimony identifying Stone as the driver of the Ford Explorer, testimony that was supported by the probation officer's identification of Stone as the man next to the vehicle in the contemporaneous photo taken by Cavros because of the danger posed to apartment residents by the recklessly driven vehicle. We conclude the district court did not clearly err in finding this evidence sufficient to establish the challenged supervised release violations.

We affirm the revocation judgment of the district court dated August 17, 2017.

_____