[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10017
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00155-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELDRICK D. SINGLETON, JR.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Sheldrick Singleton, Jr., appeals his 100-month sentence for aiding and abetting a carjacking, in violation of 18 U.S.C. §§ 2119, 2, and his 60-month

consecutive sentence for aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2.  On appeal, Singleton argues that: (1) the district court erred in applying a one-level amount of loss enhancement under U.S.S.G. § 2B3.1, in applying a two-level reckless endangerment enhancement under U.S.S.G. § 3C1.2, and in computing his criminal history points; (2) his sentence is procedurally and substantively unreasonable; and (3) the district court plainly erred when it imposed a general sentence of five years' supervised release that exceeded the maximum authorized supervised release term for aiding and abetting a carjacking.  The government concedes that the district court plainly erred when it imposed the general sentence of five years' supervised release. After careful review, we affirm in part, and vacate and remand in part.

Ordinarily, we review a district court's findings of fact for clear error, its interpretation of a guideline provision de novo, and its application of the facts to the guidelines de novo.  United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004). But we review unpreserved challenges for plain error.  United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  Plain error requires a defendant to show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  To

2

preserve an objection, the defendant must raise the argument in specific and clear language to provide the district court with the legal basis of the objection. United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006).

We review the sentence the district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). Procedural reasonableness arguments that are not raised in the district court are reviewed for plain error. Vandergrift, 754 F.3d at 1307.

First, we are unpersuaded by Singleton's challenges -- raised for the first time on appeal -- to the district court's sentencing determinations about the amount-of-loss enhancement, the reckless-endangerment enhancement, and his criminal history points calculations. The sentencing guidelines provide for a one-level increase to an offense level if the loss amount exceeds $20,000 but is less than $95,000. U.S.S.G. § 2B3.1(b)(7)(B). The guidelines commentary defines "loss" as "the value of the property taken, damaged, or destroyed." Id. § 2B3.1 cmt. n.3. In contrast, restitution is based on the "full amount of each victim's losses." 18 U.S.C. § 3664(f)(1)(A). "[T]he amount of loss does not necessarily equal the amount of restitution to be paid because a defendant's culpability will not always equal the victim's injury." United States v. Huff, 609 F.3d 1240, 1247 (11th Cir. 2010) (quotation omitted). While district courts "cannot simply make baseless presumptions" in assessing loss and

3

restitution, United States v. Sheffield, 939 F.3d 1274, 1277 (11th Cir. 2019), "[a] failure to object to allegations of fact in the [presentence investigation report ("PSI")] admits those facts for sentencing purposes." United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).

The guidelines provide for a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. For this enhancement, "the defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." Id. § 3C1.2 cmt. n.5. "But a defendant cannot be held responsible for another's conduct under § 3C1.2 without some form of direct or active participation." United States v. Dougherty, 754 F.3d 1353, 1360 (11th Cir. 2014). We "require[] a specific finding [] that the defendant actively caused or procured the reckless behavior at issue." Id. (quotations omitted). "Mere foreseeability of the [reckless] conduct is insufficient" to apply § 3C1.2. Id.

Under the guidelines, a defendant has a criminal history category of VI if he has 13 or more criminal history points. U.S.S.G. Chpt. 5, pt. A. Prior sentences of imprisonment exceeding 13 months receive 3 points; prior sentences of at least 60 days but no more than 13 months receive 2 points; and sentences not otherwise counted receive 1 point each, for a maximum of 4 points. U.S.S.G. § 4A1.1. Under

§ 4A1.2(b)(1), a sentence of imprisonment means incarceration. Id. § 4A1.2(b)(1). Offenses committed before age 18 receive 3 points if the defendant was convicted as an adult and received a sentence of imprisonment for more than 13 months, 2 points if the defendant was sentenced to confinement for at least 60 days and was released within 5 years of the instant offense, and 1 point if not otherwise covered and the sentence was imposed within 5 years of instant offense. Id. § 4A1.2(d). If the defendant received probation but probation was revoked, the original term of imprisonment is added to the term of imprisonment imposed upon revocation. Id. § 4A1.2(k)(1). Revocation of probation may affect the time period of offenses committed before the defendant's 18th birthday. Id. § 4A1.2(k)(2). To determine the applicable time period for confinement sentences other than adult terms of imprisonment exceeding 13 months, the guidelines say to use the date of the defendant's last release from confinement on the sentence. Id.

The guidelines advise that a district court should only count a previous conviction for trespass, resisting arrest, failure to obey a police officer, or providing false information to a police officer if the sentence was a term of probation of more than one year or a term of imprisonment of at least 30 days. Id. § 4A1.2(c)(1). And district courts should not assess points for loitering. Id. § 4A1.2(c)(2). The district court should aggregate the original sentence and the probation revocation sentence to determine if the conviction is exempt from criminal history points under §

5

4A1.2(c)(1). United States v. Coast, 602 F.3d 1222, 1223 (11th Cir. 2010). We've held, however, that an alleged error in calculating criminal history points was harmless when the defendant's remaining criminal history points made him not eligible for the Safety Valve,[1] and thus, would not have changed his sentence. United States v. Monzo, 852 F.3d 1343, 1351-52 (11th Cir. 2017).

Here, Singleton has failed to show plain error as to the three sentencing determinations he challenges for the first time on appeal. As for loss amount, the unobjected to PSI facts show that the victim's car had an estimated value of $25,000. The guidelines include the value of the property taken as part of the amount lost. U.S.S.G. § 2B3.1 cmt. n.3. And because Singleton did not object to the facts in the PSI, the loss amount is admitted for sentencing purposes. Wade, 458 F.3d at 1277. Thus, the district court did not plainly err in calculating loss at $25,000.

As for the reckless-endangerment enhancement, the district court did not commit plain error in finding that Singleton actively committed, procured, or abetted a dangerous flight form the police. See U.S.S.G. § 3C1.2; id. § 3C1.2 cmt. n.5. Indeed, the undisputed factual statements from the PSI indicate that Singleton was the driver -- the police arrested three men from a stolen car, one of whom was Singleton, another claimed to be in the backseat, and a third man had possession of

---

[1] Under the Safety Valve provision, a district court sentences a defendant without regard to any statutory minimum sentence if the court finds the defendant, inter alia, "does not have more than 1 criminal history point, as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(a).

the firearm found in the front passenger seat, and Singleton had fled from the police in stolen cars on prior occasions.  The undisputed facts also reveal that the car's rate of speed -- at least 20 to 30 miles per hour faster than the speed limit -- and the need for a maneuver to stop the car displayed a risk of serious harm to others.  See U.S.S.G. § 3C1.2.  On this record, the district court did not plainly err in applying the reckless-endangerment enhancement.

As for his criminal history calculation, there also is no plain error.  Singleton has not offered any law to establish that a juvenile sentence to confinement imposed on revocation of probation cannot be aggregated to an original sentence of 12 months' probation, thereby resulting in the scoring of an offense listed in § 4A1.2(c)(1).  See U.S.S.G. § 4A1.2; Coast, 602 F.3d at 1223.  But even if these three challenged points were removed, Singleton would still have two § 4A1.1(c) convictions remaining, for a total of 18 criminal history points, and a criminal history category of VI.  See U.S.S.G. § 4A1.1; U.S.S.G. Chpt. 5, pt. A.  Because Singleton's criminal history category would not change, his substantial rights were not affected, and he has failed to establish plain error in his criminal history calculation.[2]

Next, we find no merit in Singleton's argument that his sentence is procedurally and substantively unreasonable.    In reviewing sentences for

_____

[2]  Because Singleton has not established plain error in any of his sentencing determinations, we need not address the government's argument that Singleton invited any alleged errors by concurring with the guideline calculations in the PSI.

reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[3]

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." Id. at 1192 (quotation omitted). The district court is free to "attach great weight to one factor over others." United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted). However, a court may abuse its discretion if it (1) fails

---

[3]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The party challenging the sentence bears the burden of showing that the sentence is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Singleton's sentence is reasonable. We review his arguments concerning procedural reasonableness for plain error, since he did not make any specific objection to procedural reasonableness in the district court, and can find no error, plain or otherwise. For starters, as we've discussed, none of the guidelines calculations found by the court were plainly erroneous. As for Singleton's claim that the district court rejected the expert testimony of psychologist Dr. Eddy Regnier, we disagree -- the district court expressly relied on the expert's testimony in sentencing Singleton. As for Singleton's claim that the district court relied on the erroneous fact that he had already been evaluated for competency and found

9

competent, we again disagree.  The record reflects that the court acknowledged it was unsure whether the evaluation happened; the court only used the possibility of a prior competency hearing as a lead-in to the questions it asked Dr. Regnier, who testified that even if Singleton had been deemed competent, that did not mean he would thrive in a prison setting; and in any event, the court's reasoning for the sentence did not rely on an erroneous belief that Singleton had been evaluated.

As for Singleton's claim that the court ignored his mitigation evidence, the court expressly considered his difficult childhood, neighborhood, and mental health, in addition to the other § 3553(a) factors, in reaching the conclusion that a low-end guideline-range sentence was reasonable.  Further, nothing in the record suggests that the court treated the guidelines as mandatory.  In short, Singleton has not shown his sentence was procedurally unreasonable, plainly or otherwise.

Nor has Singleton shown that his sentence was substantively reasonable. As we've noted, the district court considered the mitigating factors from Singleton's personal characteristics and history, including his youth and traumatic childhood, his neighborhood, his mental health, and his intellectual impairments.  The court also considered the nature of the offense, Singleton's criminal history, the need to protect the public, and providing deterrence as rationale for its sentence.  In so doing, the court reasonably gave substantial weight to these factors because the offense involved a high-speed flight from the police at 90-100 miles per hour, a gun was

10

found at the scene, and Singleton had a substantial number of juvenile violations with a history of violence. It then reasonably found that Singleton was a real risk to the public who had not been adequately deterred by previous criminal punishment. Under our case law, the district court was free to give great weight to these factors over the mitigating evidence about Singleton's personal history, see Rosales-Bruno, 789 F.3d at 1254, and Singleton has not shown that the district court's weighing of the factors was unreasonable. See Tome, 611 F.3d at 1378.

Moreover, the district court imposed a 100-month sentence at the bottom of the guideline range and substantially below the statutory maximum of 15-years, two indicators of reasonableness. See Hunt, 526 F.3d at 746; Gonzalez, 550 F.3d at 1324. And while the 60-month sentence for Count 2 was to be served consecutively, that sentence was also well below the statutory maximum of life imprisonment. On this record, Singleton has not shown that his sentence was unreasonable.

Finally, however, we agree with Singleton and the government that the district court plainly erred when it imposed a general sentence of five years of supervised release. "A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005) (quotation omitted). "Such sentences are per se illegal in this circuit, and require a remand." Id.

11

The statutory-maximum term of supervised release for a Class A or Class B felony conviction is five years.  18 U.S.C. § 3583(b)(1).  The statutory-maximum term of supervised release for a Class C or Class D felony is three years.  Id. § 3583(b)(2).  An offense is a Class A felony if the maximum term of imprisonment is life.  Id. § 3559(a)(1).  An offense is a Class C felony if the maximum term of imprisonment is "less than twenty-five years but ten or more years."  Id. § 3559(a)(3).  A carjacking conviction under § 2119 has a maximum term of imprisonment of 15 years.  Id. § 2119(1).  A conviction under § 924(c)(1)(A)(ii) has a maximum term of life imprisonment.  Id. § 924(c)(1)(A)(ii).

Here, the district court plainly erred by imposing a general sentence of five years' supervised release. Singleton's carjacking conviction (Count 1) carried a maximum term of three years' supervised release.  See 18 U.S.C. §§ 2119(1), 3559(a)(3), 3583(b)(2).  The district court's judgment -- imposing a general sentence of five years' supervised release that did not specify the amount for each count -- was an error as to Count 1.  And as our case law makes clear, this amounts to plain error and affected Singleton's substantial rights because it imposed a sentence on him that exceeded the statutory maximum.  See Moriarty, 429 F.3d at 1025; Vandergrift, 754 F.3d at 1307.  Accordingly, we vacate the sentence and remand for the district court to clarify the term of supervised release imposed on Count 1.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**