# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3521
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald N. Totaro

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: October 20, 2023
Filed: February 2, 2024
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 2001, a District of South Dakota jury convicted Ronald Totaro of sixty-one counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering. From 1984 to 1999, posing as an international banker, Totaro operated an "advance fee" scheme in which he bilked investors out of millions of dollars, failing to disclose he had been convicted of mail fraud in the

Western District of New York in 1984 for hatching a similar scheme. The district court[1] sentenced Totaro to thirty years in prison followed by three years of supervised release, and ordered him to pay $2,297,739 in restitution to sixty-five identified victims of his fraudulent scheme, who are named as Additional Restitution Payees in the Judgment in a Criminal Case. We affirmed the conviction and sentence. United States v. Totaro, 40 F. App'x 321 (8th Cir. 2002), cert. denied, 537 U.S. 1141 (2003). Totaro was released from imprisonment in March 2022. He appeals orders of the district court[2] increasing his monthly criminal restitution payment obligation to $1,000. For the following reasons, we affirm.

## I.

The initial Judgment in a Criminal Case provided that the criminal monetary payments were due "in regular quarterly installments of 50% of the deposits in [Totaro's] inmate trust account while he is in custody," and that amounts "not paid in full prior to [his] release from custody shall be due in monthly installments of $200 [beginning] 60 days following [his] release." Totaro was imprisoned from 2001 to 2020.[3] In June 2020, due to the pandemic, the Bureau of Prisons transferred him to home confinement in Connecticut to live with his wife, where he continued to serve his prison sentence under the supervision of a halfway house.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, now retired.

[2]The Honorable Roberto A. Lange, Chief Judge of the United States District Court for the District of South Dakota, to whom the criminal case was reassigned after Judge Battey retired in 2013.

[3]During this time, Totaro submitted over forty filings with the district court, this Court, and the United States Supreme Court. See United States v. Totaro, No. 4:99-CR-40137, 2022 WL 17104496, at *1 n.2 (D.S.D. Nov. 22, 2022) (listing these filings).

In March 2022, the district court granted Totaro's renewed motion for compassionate release based on his age, time served, and serious deterioration of his health due to aging. See USSG § 1B1.13(b)(1)(B). The court entered a Second Amended Judgment ordering that Totaro be imprisoned for a term ending with "the date of this Second Amended Judgment," and further ordering that he serve a term of supervised release until September 4, 2026 -- "the unserved portion of the original term of imprisonment," 18 U.S.C. § 3582(c)(1)(A) -- followed by "a 3 year term of supervised release, concurrent on each count of conviction." The Second Amended Judgment retained the original restitution obligation to pay $200 a month beginning sixty days after Totaro's release.

The court also ordered Totaro to show cause why his monthly restitution payment obligation should not be increased from $200 "at least to $1,000," noting the passage of twenty years and the provision in the original judgment stating that "[t]he monthly amount is subject to change, based on the Court's interpretation of the defendant's financial situation." Totaro filed a response to the order to show cause stating that his monthly income is $1,132 in Social Security benefits and he gives his wife $1,000 to meet his portion of their monthly expenses, "leaving me $132." Totaro also filed a *pro se* motion to suspend his monthly restitution payments, arguing suspension was warranted because of his wife's substantial medical bills to treat her Acute Myeloid Leukemia, his age and "deteriorating health," and the fact that "my only source of income is from Social Security."

In July 2022, the court denied Totaro's motion to suspend restitution payments and ordered his monthly payments increased from $200 to $1,000. The court noted that Totaro had been paying only $25 per month towards his remaining $2 million restitution obligation, not the required $200. This failure to pay put Totaro at risk of supervised release revocation under 18 U.S.C. § 3613A(a)(1).

The district court considered Totaro's "financial situation, . . . willfulness in failure to pay, and any other circumstances that may have a bearing on [his] ability or failure to comply with the order of . . . restitution." These are factors a court "shall consider" in determining what § 3613A(a)(1) action to take. § 3613A(a)(2). The court concluded that "Totaro has the ability to pay $1,000 monthly toward the nearly $2 million he still owes in restitution." He receives $1,132 monthly Social Security benefits, and his wife's "economic condition seems secure absent Totaro's support as financial data shows she owns the home the couple lives in, a $45,000 vehicle and has over $80,000 in savings." The court issued a Third Amended Judgment increasing the restitution Schedule of Payments to "monthly installments of $1,000 . . . to begin 60 days following [Totaro's] release" from imprisonment -- March 24, 2022, the date of the Second Amended Judgment.

Totaro moved for reconsideration of the Order and for a preliminary injunction "directing the parties not to deduct funds from his Social Security benefits" until the district court ruled on the motion for reconsideration. The district court denied both motions. This appeal followed.

## II.

(1) Totaro argues the district court committed plain error when it increased his monthly restitution payment obligation without receiving certification from the Attorney General that restitution victims "have been notified of the [material] change in circumstances." 18 U.S.C. § 3664(k). This contention is without merit. As previously noted, the district court based the order increasing Totaro's monthly payment obligation on § 3613A(a)(1), not on § 3664(k).[4]

---

[4]These statutes were enacted as sections 206 and 207 of Title II (entitled "Justice for Victims") of the Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No. 104-132, §§ 206, 207, 110 Stat. 1214, 1235, 1239. Section 3664(k) authorizes the court to modify a restitution payment schedule upon notification of a

Section 3613A(a)(1) requires "a finding that the defendant is in default on a payment of . . . restitution." Here, the Second Amended Judgment provided that Totaro's imprisonment ended on the date of that judgment. The Schedule of Payments in the initial judgment provided that Totaro would owe $200 per month "to begin 60 days following [his] release." Thus, the district court did not err, much less plainly err, in finding Totaro was "in default" when he made "only nominal $25 monthly payments" sixty days after entry of the Second Amended Judgment.[5] This finding authorized the court to impose the variety of penalties enumerated in § 3613A(a)(1), which include revoking or modifying the term of supervised release, "adjust[ing] a payment schedule, or tak[ing] any other action necessary to obtain compliance with the order of . . . restitution."

Totaro's Brief states that the district court "cit[ed] 18 U.S.C. § 3664(k)" in increasing his monthly payment obligation. The Order addressed both the court's order to show cause regarding increasing the monthly payment obligation, and Totaro's motion to suspend restitution payments entirely. Responding to the latter motion, the court noted that § 3664(k) authorizes modifying restitution obligations based on a material change in circumstances, but "the only changes in Totaro's economic circumstances weigh toward increasing, not decreasing, the monthly restitution payment." The Order increasing the Schedule of Payments was based upon § 3613A(a)(1). Cf. United States v. Decoteau, 758 F.3d 1014, 1016 (8th Cir. 2014) (An order under § 3565(a), which governs proceedings under § 3613A(a)(1), is "a 'resentence' on the crime of conviction.") (quotation omitted).

---

"material change in the defendant's economic circumstances that might affect the defendant's ability to pay." Section 3613A(a)(1) lists remedies the court may impose "[u]pon a finding that the defendant is in default on a payment of . . . restitution." Section 3664(k) requires notice to restitution victims of a requested modification; § 3613A does not require notice of a restitution default proceeding.

[5]Totaro explicitly acknowledged that he was required to pay $200 per month but has intentionally paid only $25 per month since June 2022.

(2) Totaro argues the district court erred in finding that his early release and receipt of Social Security payments constitute a "material change in [his] economic circumstances" under § 3664(k) because these changes were anticipated by Judge Battey in sentencing Totaro to thirty years imprisonment when he was fifty-nine years old. This contention is without merit because Judge Lange *made no finding of a "material change"* when he increased Totaro's monthly payments after analyzing the relevant § 3613A(a)(2) factors, which include "willfulness in failing to comply" as well as financial and other factors "that may have a bearing on the defendant's ability or failure to comply."

Totaro further argues the district court abused its discretion in ordering him to pay "88% of his meager [Social Security] income," -- "a five-fold increase from the original restitution order" -- even if there was a material change in circumstances. See United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (§ 3664(k) standard of review). This argument disregards the substantial assets shared by Totaro and his wife, including their home, a $45,000 vehicle, and over $80,000 in savings. Totaro argues the district court erred in considering these assets because they are in his wife's name only. But § 3613A(a)(2) instructs that in "determining what action to take, the court shall consider . . . any other circumstances that may have a bearing on the defendant's ability . . . to comply with the order of . . . restitution." Totaro's use of the home and vehicle and the fact that his wife's economic condition "seems secure" without Totaro's support are certainly relevant to determining whether an increase in monthly payments, as opposed to a harsher default remedy such as revocation of supervised release and imposition of a term of imprisonment, is appropriate "to obtain compliance with the order of . . . restitution." § 3613A(a)(1).

We have upheld decisions applying the discretionary § 3613A(a)(2) factors in this manner. In United States v. Holt, citing § 3613A(a)(2), we upheld a decision revoking supervised release and imposing a prison sentence because defendant "willfully refused to pay" an admitted restitution obligation. 664 F.3d 1147, 1150

(8th Cir. 2011), cert. denied, 566 U.S. 967 (2012). In United States v. Montgomery, again citing § 3613A(a)(2), we upheld a decision revoking supervised release and imposing a prison sentence because the defendant's conduct reflected a willful failure to pay restitution. 532 F.3d 811, 814 (8th Cir. 2008). Cf. United States v. Gainous, 298 F. App'x 853, 854 (11th Cir. 2008) (holding that § 3613A(a)(1) authorized the district court, after finding defendant in default on restitution payments, to issue a supervised release revocation order requiring him to sell a house purchased with undisclosed income and apply the sale proceeds toward his unpaid restitution obligation).

The district court elected to increase Totaro's monthly payment obligation to $1,000. The court noted Totaro's crime of conviction was serious, the second such scheme he deployed to defraud investors, and he still owes almost $2 million to his victims. "By his paying $25 monthly and then arguing he should be relieved of any restitution obligation and have supervised release removed, Totaro is trying to get out of any obligation or consequence for his behavior, a longstanding theme in the many motions he has filed in his case." The court properly considered Totaro's economic circumstances, as well as his willful failure to comply, and deemed him capable of paying $1,000 per month given that he currently "provides his wife with $1,000 per month." There was no abuse of the court's substantial discretion,

The Orders of the district court dated July 25, 2022, and November 22, 2022, are affirmed.

_____